UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEONEL MARIN-TORRES, Plaintiff | CIVIL ACTION NO. 1:18-CV-1549-P |
| VERSUS | JUDGE DEE D. DRELL |
| USP POLLOCK, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint and several Amended Complaints filed under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics[1] by *pro se* Plaintiff Leonel Marin-Torres ("Marin-Torres") (#36048-086). (Docs. 1, 14, 18, 25). Marin-Torres is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Marin-Torres complains that he was denied adequate medical care while incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P").

Because Marin-Torres fails to state a claim for a constitutional violation regarding his medical care, his Complaint and Amended Complaints (Docs. 1, 14, 18, 25) should be DENIED and DISMISSED WITH PREJUDICE.

---

[1]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I.  Background

Marin-Torres alleges that he suffers from hemorrhoids and was denied hemorrhoid cream at USP-P. (Docs. 1, 18). According to his Complaint, Marin-Torres filed an informal complaint (BP-8), formal complaint (BP-9), regional appeal (BP-10), and central office appeal (BP-11). (Docs. 1, 18). The only document provided by Marin-Torres is a copy of the response to his informal complaint. According to the informal response, Marin-Torres was examined for complaints of hemorrhoids, but no abnormalities were noted. (Doc. 1-2, p. 9). A few months later, Marin-Torres was examined again for the same complaint, and he refused a fecal occult blood screening. (Doc. 1-2, p. 9).

In an Amended Complaint, Marin-Torres claims that he arrived at USP-P with some foot cream in February 2017, but the physician assistant at UPS-P would not prescribe the same cream. (Doc. 25, p. 6).

Marin-Torres also claims that a blood technician caused him pain when drawing blood. (Doc. 25, p. 9).

II. Law and Analysis

   A. Marin-Torres's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Marin-Torres is a prisoner who has been granted leave to proceed in forma pauperis. (Doc. 21). As a prisoner seeking redress from an officer or employee of a governmental entity, Marin-Torres's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Marin-Torres's

2

Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Marin-Torres cannot show deliberate indifference to serious medical needs.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Even allegations of negligence or medical malpractice do not establish the constitutional violation necessary for a plaintiff to prevail in a Bivens action. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

First, Marin-Torres has not alleged that his hemorrhoids amount to a serious medical need. Smith v. Lavespere, 13-CV-0377, 2014 WL 4063927, at *5 (M.D. La. Aug. 15, 2014) ("Plaintiff has failed to allege facts suggesting that . . . plaintiff exhibited a serious medical need or otherwise presented objective symptomatology which would have alerted the defendant to a 'substantial risk of serious harm' that the defendant ignored."). Although Marin-Torres complained of hemorrhoids, a physical examination on May 21, 2018 revealed "no abnormalities." (Doc. 1-2, p. 9). On August 23, 2018, Marin-Torres refused a fecal occult blood screening. (Doc. 1-2, p. 9).

Marin-Torres clearly disagrees with the medical care he received and the diagnosis made by the medical professionals at USP-P. However, a prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. See Norton v. Dimanzana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

III. Conclusion

Because Marin-Torres fails to state a claim for the unconstitutional deprivation of medical care, his Complaints (Docs. 1, 14, 18, 25) should be DENIED and DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __3rd__ day of September 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE